UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIANA RUIZ,

    Plaintiff,

v.                                  Case No:   6:16-cv-1420-Orl-40TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of an adverse final decision of the Commissioner of the Social Security Administration regarding her claim for disability insurance benefits. Based upon a review of the administrative record and the pleadings and joint memorandum submitted by the parties, and for the reasons that follow, I respectfully recommend that the Commissioner's final decision be **affirmed**, pursuant to sentence four of 42 U.S.C. § 405(g).

## Background[1]

Plaintiff holds a bachelor's degree in sociology and has performed past relevant work as a senior secretary, customer service clerk and billing clerk (Doc. 15 at 3). On August 9, 2012, she protectively filed an application for disability benefits alleging an April 15, 2011 onset date (Id., at 1). She subsequently amended her alleged onset date to August 19, 2012 (Tr. 152). Plaintiff's application was denied initially and on

---

[1] The information in this section comes from the parties' joint memorandum filed on February 22, 2017 (Doc. 15).

reconsideration, and she requested an administrative hearing which was held on December 9, 2014 (Tr. 29-53, 54-81). On February 12, 2015 the administrative law judge ("ALJ") issued a decision denying Plaintiff's application for benefits (Tr. 9-26). Plaintiff requested review by the Appeals Council, which was denied by order dated June 10, 2016 (Tr. 1-4). Thus, the ALJ's decision is the Commissioner's final decision and this appeal timely followed (Doc. 1). Plaintiff has exhausted her administrative remedies and her case is ripe for review.

### The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and codified in 20 C.F.R. §§ 404.1520(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 14) At step two, the ALJ decided that Plaintiff was severely impaired by a disorder of the spine (20 C.F.R. § 404.1520(c)) (Id.). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525, 404.1526) (Tr. 16).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity to perform sedentary work with certain limitations (Tr. 17). At step four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a senior secretary, customer service clerk[2] and billing clerk and therefore, she was not disabled (Tr. 21).

## Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v.

---

[2] According to the testifying vocational expert, the position of customer service clerk would be difficult to perform by a person with Plaintiff's residual functional capacity (Tr. 21).

Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

There is a presumption in favor of the ALJ's findings of fact, but the presumption does not attach to the ALJ's conclusions of law. Welch v. Bowen, 854 F.2d 436, 438 (11th Cir. 1988) (per curiam). The Court will reverse a final decision if the ALJ incorrectly applied the law or failed to provide sufficient reasoning for the Court to determine whether the ALJ properly applied the law. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1992).

## Discussion

Plaintiff went to a hospital emergency room on August 19, 2012, complaining of lumbar back pain that radiated to her calf (Tr. 259). A computerized tomography scan revealed degenerative changes to her lumbar spine with mild to moderate spinal canal stenosis at L3-L4 (Tr. 264). She underwent a magnetic resonance imaging scan which revealed a large posterior disc extrusion at the L3-L4 level, which in combination with disc bulging and facet hypertrophy bilaterally resulted in severe narrowing of the central spinal canal and bilateral peripheral spinal canals and neural foramina (Tr. 313). A radiologist noted a near occlusion of the central spinal canal and severe narrowing at the L4-L5 level resulting from degenerative disc and joint disease (Id.). The impression was acute cauda equine syndrome,[3] herniated nucleus pulposus L3-L4, sever spinal stenosis L3-L4 with radiculopathy and urinary retention (Tr. 274). Plaintiff was admitted to the hospital for

---

[3] "Cauda equine syndrome (CES) is a rare but serious condition that describes extreme pressure and swelling of the nerves at the end of the spinal cord. Cauda equine syndrome is a medical emergency that calls for urgent surgical intervention. If patients with cauda equine syndrome do not receive treatment quickly, adverse results can include paralysis, impaired bladder, and/or bowel control, difficulty walking, and/or other neurological and physical problems." www.spine-health.com/conditions/lower-back-pain/sauda-equina-syndrome last visited March 2, 2017.

emergency laminectomy decompression (Id.). Dr. Stephane Lavoie performed an L3-L4 laminectomy, discectomy and decompression L3-L4 on August 21, 2012 (Tr. 216).

Dr. Lavoie next saw Plaintiff in his office on September 6, 2012 (Tr. 213). He reported that she was mainly using a wheelchair to get around and that he explained to her that it would "be a very slow process." (Id.). On September 27, 2012, Dr. Lavoie evaluated Plaintiff and concluded that she would benefit from skilled physical therapy treatment (Tr. 226). The doctor's October 4, 2012 treatment notes report improvement and that while Plaintiff continued to use "mainly a wheelchair to get around," she was "walking significantly better now." (Tr. 210). The next time Dr. Lavoie saw Plaintiff was on October 19, 2012 (Tr. 224). As of that date, she had attended ten physical therapy sessions and was "making good gains." (Id.). On November 14, 2012, Dr. Lavoie examined Plaintiff, reported that she had attended eighteen physical therapy sessions, and was progressing as expected (Tr. 221, 223). The next day, Dr. Lavoie observed that Plaintiff was "walking significantly better now," and that she was "beginning to ambulate quite well." (Tr. 208). The doctor saw Plaintiff again on November 21, 2012 by which time she had attended twenty physical therapy sessions with four to go (Tr. 219). Dr. Lavoie would have preferred more physical therapy but care was limited by Medicaid insurance regulations (Id.). On January 1, 2013, Dr. Lavoie wrote the following note:

> TO WHOM IT MAY CONCERN:
>
> Pt will need 1 year to recover from cauda equine and subsequent surgery.
>
> S. Lavoie

(Tr. 321). The final report from Dr. Lavoie, dated March 8, 2013 states that Plaintiff was "doing very well," and that he would recommend a consultation with another doctor "for possible pain management and injections." (Tr. 437-38).

- 5 -

In his decision, the ALJ failed to mention Dr. Lavoie by name, or assign weight to his opinions. Plaintiff argues that the ALJ's failure to mention, let alone weigh Dr. Lavoie's opinion that she needed a year to recover from her surgery constitutes reversible error (Doc. 15 at 11). Plaintiff also contends that Dr. Lavoie's opinion conflicts with the ALJ's findings and supports a finding of at least a closed period of disability (Id.).

Whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Winschel, 631 F.3d at 1178–79 (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)). Because Dr. Lavoie is a treating physician his opinions must be given substantial weight unless there is good cause to do otherwise. See Lewis v. Callahan, 125 F.3d 1436 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding the opinion of a treating physician can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. Lewis, 125 F.3d at 1440.

Dr. Lavoie's uncontroverted medical opinion was that it would take Plaintiff a year to recover. But, the doctor never opined that Plaintiff would be limited in her ability to work, or precluded altogether from working during her recovery. Plaintiff simply reads into Dr. Lavoie's statement her assumption that she could not work at any time during the recovery period. This is an assumption by Plaintiff that does not appear in the record. It is also a medical opinion she is not qualified to give. On this record nobody knows what Dr.

Lavoie would have said if asked about Plaintiff's ability to engage in substantial gainful employment at any time during her one year recovery period.

Plaintiff could have argued that under these circumstances, the ALJ had a duty to contact Dr. Lavoie but she did not make this argument. Similarly, Plaintiff has not argued that the ALJ failed to develop a full and fair record, or that the ALJ did not have enough evidence to make a determination in this case. Consequently, Plaintiff has waived these arguments. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); Outlaw v. Barnhart, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (finding claimant waived issue because he did not elaborate on it or cite any authority for it).

Because Dr. Lavoie did not opine that Plaintiff's ability to work was in any way restricted for any period of time, I find that the ALJ's failure to discuss and weigh the doctor's opinion is harmless error. Moreover, if the ALJ had discussed the opinion, he was no more qualified than Plaintiff to speculate about the impact of the doctor's opinion on Plaintiff's ability to work. See Caldwell v. Barnhart, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam) ("An ALJ's failure to state with particularity the weight given different medical opinions is reversible error. When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.") (citation omitted); Wright v. Barnhart, 153 F. Appx. 678, 684 (11th Cir. 2005) ("Although the ALJ did not explicitly state what weight he afforded the opinions of Hahn, Fritz, Shivashankara, and Gornisiewicz, none of their opinions directly contradicted the ALJ's findings, and therefore, any error regarding their opinions is harmless.").

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**, and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 9, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record